UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONSUELO RODRIGUEZ, | Case No. 1:25-cv-00339-JLT-CDB |
| Plaintiff, | ORDER DENYING PARTIES' SECOND STIPULATED REQUEST TO AMEND SCHEDULING ORDER |
| v. | |
| NISSAN NORTH AMERICA, INC., | (Doc. 23) |
| Defendant. | |

Plaintiff Maria Consuelo Rodriguez ("Plaintiff") initiated this action with the filing of a complaint in state court on February 6, 2025, before Defendant Nissan North America, Inc. ("Defendant"), removed the action to this Court on March 20, 2025. (Doc. 1). On June 24, 2025, the Court entered the scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 13). The scheduling order admonished the parties that "[n]o motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend." *Id.* at 4. The order further provided that extensions of case management dates would not be granted absent a showing of good because those dates "are considered to be firm." *Id.* at 8.

On June 26, 2026, the parties filed a stipulated request to amend the scheduling order. (Doc. 21). The Court denied the stipulated request on June 29, 2026, for the parties' failure to attach supporting affidavits or declarations establishing good cause for the proposed extensions.

(Doc. 22).

Pending before the Court is the parties' renewed stipulated request to amend the scheduling order, filed on July 6, 2026. (Doc. 23). In support, the parties represent that they "have been engaging in settlement negotiations in the past few months." *Id.* at 2. The parties attach the declaration of Mei Xuan, counsel for Defendant. (Doc. 23-1). Counsel sets forth that the parties have been engaging in settlement negotiations in the past few months and are continuing to do so, and have agreed and request the Court to authorize one 90-day continuance of the trial date and all related deadlines. *Id.* at 2. Although the parties identify new dates corresponding to 90-day extensions of the since-expired deadlines to file non-dispositive and dispositive motions, they also refer to extensions of deadlines for completing fact and expert discovery, which closed months ago.

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the

2

scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Moreover, in the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. Local Rule 144(d). Instead, this Court's Local Rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." *Id.*

Here, the parties' perfunctory references to their settlement negotiations are insufficient for the Court to measure the diligence with which the case has been litigated. This is why the Court admonished the parties upon scheduling the case that it considered the case management deadlines to be firm and would not consider stipulated requests to extend those deadlines unless filed *before* the deadlines expired and the parties demonstrated good cause – namely, diligence – for granting an extension. (Doc. 13 at 4, 8). Here, the parties provide a declaration of counsel in support of their request but fail to offer any facts establishing good cause for a 90-day extension of all deadlines. Instead of factually demonstrating diligence, the parties rely solely on the notion that the case management dates should be continued to accommodate their settlement efforts to resolve the case. But the Court's dispositive inquiry focuses on the parties' diligence (*Zivkovic*, 302 F.3d at 1087), not the equities of cost-savings and convenience to the parties.

Furthermore, the parties seek extensions of pretrial motion filing deadlines that already have passed and appear to seek to reengage in both nonexpert and expert discovery – despite the fact that expert discovery closed approximately 14 weeks prior to the parties' filing of their first stipulated request (Doc. 21). Seeking to resurrect deadlines long after they have passed is the antithesis of diligence, notwithstanding the extreme delay appears related to the parties attempts to negotiate a settlement. *See* (Doc. 13 at 4) ("No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend."); *Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion

3

to modify the scheduling order," which is "the antithesis of diligence" under Local Rule 144).

In short, because the parties fail to demonstrate that they are unable to reasonably meet a deadline despite acting diligently, the Court is unable to find that an extension of case management dates is warranted. *Johnson*, 975 F.2d at 609.

**Conclusion and Order**

Accordingly, the parties' renewed stipulated request to amend the scheduling order (Doc. 23) is DENIED.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4